UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 06 CR 923-12, 15 |
| v. ) | |
| ) | Honorable John W. Darrah |
| BOGDAN GANESCU, and ) | |
| GIANINA SIMON ) | |

## PROTECTIVE ORDER DIRECTING THE INTERLOCUTORY SALE OF CERTAIN REAL PROPERTY SUBJECT TO FORFEITURE

This matter coming before the Court on the government's motion for entry of a protective order directing the interlocutory sale of certain real property, pursuant to the provisions of Title 21, United States Code, Sections 853(e)(1)(A), as incorporated by Title 28, United States Code, Section 2461(c), and the Court being fully advised finds as follows:

(a) On June 28, 2007, a federal grand jury returned a multi-count superseding indictment charging defendants BOGDAN GANESCU and GIANINA SIMON, among others, with wire fraud violations pursuant to Title 18, United States Code, Section 1343, among other charges;

(b) The superseding indictment sought forfeiture to the United States of all right, title and interest of defendants BOGDAN GANESCU and GIANINA SIMON in property, real or personal, which constitutes and is derived from proceeds traceable to the charged wire fraud offenses, pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), including but not limited to funds in the amount of $250,000, and the following real property:

1. real property commonly known as 902 Chatham Avenue, Addison, Illinois ("Chatham Avenue property"), legally described as:

> LOT 1 IN FIRESIDE CONSTRUCTION COMPANY'S CHATHAM AVENUE RESUBDIVISION OF LOT 16 IN BLECKE'S RESUBDIVISION IN ADDISON TOWNSHIP SUPERVISOR'S ASSESSMENT PLAT NO. 4, BEING IN THE WEST ½ OF THE

SOUTHWEST 1/4 OF SECTION 34, TOWNSHIP 40 NORTH, RANGE 11, EAST OF THE THIRD PRINCIPAL MERIDIAN, ACCORDING TO THE PLAT THEREOF RECORDED MARCH 4, 2005 AS DOCUMENT NUMBER 2005R043993, DUPAGE COUNTY, ILLINOIS.

PIN: 03-34-301-054; and

2. real property commonly known as 2234 South Goebbert Road, Unit 419, Arlington Heights, Illinois ("Goebbert Road property"), legally described as:

UNIT 419 IN THE SANCTUARY OF ARLINGTON HEIGHTS CONDOMINIUM AS DELINEATED ON THE SURVEY OF THE FOLLOWING DESCRIBED PROPERTY:

PART OF LOT 1 IN MARCY'S FOREST VIEW SUBDIVISION, BEING A SUBDIVISION OF THE EAST ½ OF THE SOUTH ½ OF THE SOUTHWEST ¼ OF THE NORTHWEST ¼ OF SECTION 15, TOWNSHIP 41 NORTH, RANGE 11, EAST OF THE THIRD PRINCIPAL MERIDIAN, ACCORDING TO THE PLAT THEREOF RECORDED OCTOBER 27, 1964 AS DOCUMENT 19286341, WHICH SURVEY IS ATTACHED AS EXHIBIT "C" TO THE DECLARATION OF CONDOMINIUM RECORDED AS DOCUMENT 0411231052, IN COOK COUNTY, ILLINOIS, AS AMENDED FROM TIME TO TIME, TOGETHER WITH ITS UNDIVIDED PERCENTAGE INTEREST IN THE COMMON ELEMENTS.

PIN: 08-15-103-036;

(c) To preserve its interest in the real properties, the United States recorded notices of *lis pendens* with the DuPage County and Cook County Recorder of Deeds offices against the subject properties;

(d) On September 4, 2007, pursuant to Fed. R. Crim. P. 11, defendants BOGDAN GANESCU and GIANINA SIMON entered voluntary pleas of guilty to multiple counts of the superseding indictment, including the wire fraud violations charged in Counts Forty-One through Forty-Five and Forty-Eight, thereby making certain property subject to forfeiture pursuant to 18

U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c);

(e) Concurrent with the filing of the present motion, the United States has filed a motion for entry of a preliminary order of forfeiture against defendants BOGDAN GANESCU and GIANINA SIMON, forfeiting all right, title, and interest the defendants may have in funds in the amount of $250,000 and the Goebbert Road property to the United States of America for disposition according to law. The United States intends to dismiss the Chatham Avenue property from the forfeiture allegations and release its *lis pendens* notice recorded against the Chatham Avenue property;

(f) The United States requests action by this Court because certain financial responsibilities relating to the Goebbert Road property have not been satisfied, including the payment of the outstanding mortgages, property taxes, and insurance obligations thereby affecting the value of the real property and jeopardizing the availability of any equity, after satisfaction of obligations, that will be available for forfeiture to the United States upon conviction;

(g) Specifically, the outstanding mortgage held by Harris, N.A. for the Goebbert Road property has been unpaid and therefore is in default. On May 15, 2007, Harris, N.A., filed a complaint for mortgage foreclosure with the Cook County Clerk of the Circuit Court. On October 24, 2007, Cook County Circuit Court Associate Judge Lisa R. Curcio entered an agreed order in the foreclosure action, upon motion by Harris, N.A., dismissing without prejudice the foreclosure, pending resolution of the federal forfeiture;

(h) Defendant BOGDAN GANESCU is the record owner of the Goebbert Road property. Defendants BOGDAN GANESCU and GIANINA SIMON are the mortgagors on both the Harris N.A. and Citibank, Federal Savings Bank mortgages;

3

(i) Both defendants are currently incarcerated, and the attorneys for the defendants have stated that the defendants are unable to meet their mortgage obligations. Furthermore, because the defendants will remain incarcerated it is likely that not only will the mortgage payments accrue, but the property taxes will be unpaid;

(j) In addition, the Goebbert Road property is vacant or not lawfully occupied. The United States submits that this action is necessary to protect the real property from damage during the course of these proceedings that will likely further deplete the equity and affect its value;

(k) Pursuant to 21 U.S.C. § 853, as incorporated by 28 U.S.C. § 2461(c), this Court has jurisdiction to enter orders or to take other action to preserve and to protect property or its equity to insure that the property will be available for forfeiture in the event of conviction;

(l) Title 21, United States Code, Section 853(e)(1) provides in pertinent part:

> Upon application of the United States, the Court may enter a restraining order or injunction, require the execution of a satisfactory performance bond, or take any other action to preserve the availability of property described in subsection (a) of this section for forfeiture under this section -
>
> (A) upon the filing of an indictment or information charging a violation of this subchapter or subchapter II of this chapter for which criminal forfeiture may be ordered under this section and alleging that the property with respect to which the order is sought would, in the event of conviction, be subject to forfeiture under this section;

(m) Accordingly, in order to preserve the availability of the equity in the real property subject to forfeiture, the United States requests that this Court enter a protective order directing that the Goebbert Road property be sold by the United States Marshals, and that the proceeds from the sale of the subject property, after payment of certain verifiable costs, be retained in an escrow account maintained by the United States Marshal, pending further order of this Court;

4

(n) Failure to take the proposed action relating to the subject property, in all probability, will result in economic damage to the value of the real property and jeopardize the availability of any equity in the subject property, thus making the property or proceeds from the sale unavailable for forfeiture.

Accordingly, it is hereby ORDERED, ADJUDGED, AND DECREED:

1. That the government's motion for entry of a protective order, pursuant to the provisions of Title 21, United States Code, Section 853(e)(1)(A), as incorporated by Title 28, United States Code, Section 2461(c), is granted. The following property shall be sold at the direction of the United States Marshals Service:

(a) real property commonly known as 2234 South Goebbert Road, Unit 419, Arlington Heights, Illinois ("Goebbert Road property"), legally described as:

> UNIT 419 IN THE SANCTUARY OF ARLINGTON HEIGHTS CONDOMINIUM AS DELINEATED ON THE SURVEY OF THE FOLLOWING DESCRIBED PROPERTY:
>
> PART OF LOT 1 IN MARCY'S FOREST VIEW SUBDIVISION, BEING A SUBDIVISION OF THE EAST ½ OF THE SOUTH ½ OF THE SOUTHWEST ¼ OF THE NORTHWEST ¼ OF SECTION 15, TOWNSHIP 41 NORTH, RANGE 11, EAST OF THE THIRD PRINCIPAL MERIDIAN, ACCORDING TO THE PLAT THEREOF RECORDED OCTOBER 27, 1964 AS DOCUMENT 19286341, WHICH SURVEY IS ATTACHED AS EXHIBIT "C" TO THE DECLARATION OF CONDOMINIUM RECORDED AS DOCUMENT 0411231052, IN COOK COUNTY, ILLINOIS, AS AMENDED FROM TIME TO TIME, TOGETHER WITH ITS UNDIVIDED PERCENTAGE INTEREST IN THE COMMON ELEMENTS.
>
> PIN: 08-15-103-036.

It is further ordered,

2. That, the United States Marshals Service is authorized to employ a real estate broker

experienced and knowledgeable in the sale of similar property, with multiple listing capabilities, who shall be paid the usual and customary commissions and/or fees from the proceeds of the sale. It is further ordered,

3. That the proceeds from the sale of the subject property, after the payment of verifiable costs, shall be retained in the Seized Assets Deposit Fund by the United States Marshal pending further order of this Court. It is further ordered,

4. That, upon the sales of the subject property, any duly recorded mortgage obligations, upon verification of authenticity, shall be paid from the proceeds, including the unpaid principal balances of the mortgages and interest due at the note rates. It is further ordered,

5. That, from the proceeds of the sale of the subject property, any outstanding taxes and/or homeowner's association fees, as documented at the date of sale, shall be paid. It is further ordered,

6. That, the United States Marshal Service may incur certain costs and shall be permitted to deduct from the proceeds of the sale of the subject real property any reasonable and necessary costs incurred to effectuate the sale of the real property and costs incurred to maintain the real property, if any, pending sales. It is further ordered,

7. That, pending the sale of the subject real property, the United States Marshals Service shall be permitted access to the real property for the limited purpose of securing the premises and taking whatever steps are necessary to prepare the property for sale and to preserve the value of the real property for forfeiture. It is further ordered,

8. This Court shall retain jurisdiction in this matter to take additional action and enter further orders as necessary to implement and enforce this protective order directing the interlocutory

sale of the above-identified real property.

*(signed)* 
JOHN W. DARRAH
United States District Judge

DATED: 11-15-07